# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | | |
|---|---|---|
| Brittany M. Hager | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Pennsylvania Higher Education Assistance | ) | |
| Agency, Inc. | ) | |
| d/b/a FedLoan Servicing | ) | |
| d/b/a American Education Services | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| The Corporation Trust Company | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE 19801 | ) | |
| | ) | |
| PNC Bank, N.A. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| PNC Bank, N.A. | ) | |
| 222 Delaware Avenue | ) | |
| Wilmington, DE 19899 | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint for damages for Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 15 U.S.C. § 1692k. Venue is proper, because the nucleus of operative facts and the relevant events which affected and/or damaged Plaintiff as a consumer occurred against Plaintiff as a resident of Boyle County, Ky., which is located within this District.

## PARTIES

3. Plaintiff Brittany M. Hager is a natural person who resides in Boyle County, Ky. Ms. Hager is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4. Defendant Pennsylvania Higher Education Assistance Agency, Inc. d/b/a FedLoan Servicing and/or American Education Services ("PHEAA") is foreign corporation with its principal place of business located at 1200 N. 7th Street, Harrisburg, PA 17102. PHEAA is an inactive corporation in bad standing with the Kentucky Secretary of State.

5. PHEAA is a furnisher and user of information within meaning of the FCRA.

6. Defendant PNC Bank, N.A. ("PNC") is a national bank whose headquarters is located at 222 Delaware Avenue, Wilmington, DE 19899. PNC is, *inter alia*, the successor in interest to National City Bank.

7. PNC is a furnisher and user of information within meaning of the FCRA.

## STATEMENT OF FACTS

8. Ms. Hager and her husband want to buy their own home and are therefore monitoring and stay keenly aware of their credit score.

9. As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can

> rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

10. The Hagers recently applied for a home loan with Prime Mortgage Lending, Inc. ("Prime Mortgage").

11. As part of the application process, Prime Mortgage requested, obtained, and reviewed the Hagers' tri-merged credit report published by Creditxpert, Inc.

12. Prime Mortgage denied the Hagers' loan application because of negative information on their Creditxpert credit report.

13. The Hagers reviewed a copy of the Creditxpert tri-merged credit report on which Prime Mortgage based its decision to deny credit to the Hagers.

14. Ms. Hager discovered incorrect and inaccurate credit information on her Creditxpert credit report furnished by Defendants Pennsylvania Higher Education Assistance Agency, Inc. d/b/a FedLoan Servicing and/or American Education Services ("PHEAA") and PNC Bank, N.A. ("PNC") on tradelines attributed to her.

15. Ms. Hager discovered on her Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") credit reports several tradelines being furnished by PHEAA as FedLoan Servicing and AES/PNC tradelines in connection with student loan debts.

16. Ms. Hager discovered that Trans Union and Equifax were each incorrectly and inaccurately reporting that the "pay status" of three PHEAA FedLoan Servicing tradelines was currently 120 days past due for each and a National City or AES/PNC student loan tradeline with a "current status" of 120 days past due. All of these student loans had been transferred and sold years ago.

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

17. According to the Credit Reporting Resource Guide ("CRRG"), the account status of transferred student should either be coded as "account transferred" or as "Student Loan—Assigned to Government."

18. "Pay status" on a Trans Union credit report and "current status" on an Equifax credit report both represent the coding for "account status" per the CRRG.

19. The misreporting of the account status as being currently 120 days past due on Ms. Hager's credit report makes the delinquency appear more recent than it actually is, which in turn creates a greater negative impact on Ms. Hager's credit score than if the account status was being reported correctly.

20. On July 5, 2017, Ms. Hager sent a dispute letters to Trans Union and Equifax disputing the current status of the PHEAA/FedLoan Servicing and AES/PNC tradelines.

21. Trans Union and Equifax each had a statutory duty under 15 U.S.C. § 1681i(a)(2) to forward a copy of Ms. Hager's dispute to PHEAA and PNC.

22. Trans Union and Equifax each sent PHEAA and PNC notice of Ms. Hager's disputes, which thereby triggered PHEAA's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the negative information it was furnishing to Trans Union and Equifax concerning Ms. Hager.

23. PHEAA and PNC each failed to conduct a reasonable investigation into Ms. Hager's disputes concerning the current status of the student-loan tradelines that PHEAA and PNC were each was furnishing to Trans Union and Equifax.

24. PHEAA and PNC each falsely verified the accuracy of the disputed negative credit information to Trans Union and Equifax.

25. The current status of the FedLoan Servicing and AES/PNC tradelines at issue should be reported as transferred or closed and transferred.

26. The reporting of the FedLoan Servicing and AES/PNC tradelines as 120 days late is inaccurate and misleading. Further, the misreporting to the FedLoan Servicing and AES/PNC tradelines with a current status of 120 days late negatively affects Ms. Hager's credit score and her credit rating.

27. As a result of PHEAA's and PNC's failures to conduct a reasonable investigation of Ms. Hager's dispute, Ms. Hager suffered actual damages in the form of a lowered credit score and denial of credit.

## CLAIMS FOR RELIEF

**I.     Claims against Pennsylvania Higher Education Assistance Agency, Inc.**

28.     Defendant Pennsylvania Higher Education Assistance Agency, Inc. d/b/a FedLoan Servicing and/or American Education Services ("PHEAA") violated 15 U.S.C. § 1681s-2(b). After being informed by Trans Union and Equifax that Ms. Hager disputed the accuracy of the information PHEAA was providing concerning Ms. Hager and the current status of the PHEAA installment loan, PHEAA willfully failed to conduct a proper investigation of Ms. Hager's disputes filed with Trans Union and Equifax that PHEAA was furnishing false negative credit information about Ms. Hager and the current status of the FedLoan Servicing and AES/PNC student loan account.

29.     PHEAA willfully failed to review all relevant information purportedly provided by Trans Union and Equifax to PHEAA in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

30.     PHEAA willfully failed to direct Trans Union and Equifax to delete inaccurate information about Ms. Hager pertaining to the current status of the FedLoan Servicing and AES/PNC student loan tradelines as required by 15 U.S.C. §1681s-2(b)(C).

31.     As a result of PHEAA's failure to conduct a reasonable investigation of Ms. Hager's dispute, Ms. Hager suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

32.     Ms. Hager has a private right of action to assert claims against PHEAA arising under 15 U.S.C. §1681s-2(b).

33.     PHEAA is liable to Ms. Hager for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. §1681n.

34.     In the alternative, PHEAA's conduct, actions and inactions were negligent rendering PHEAA liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**II.     Claims against PNC Bank, N.A.**

35.     Defendant PNC Bank, N.A. ("PNC") violated 15 U.S.C. § 1681s-2(b). After being informed by Trans Union and Equifax that Ms. Hager disputed the accuracy of the information PNC was providing concerning Ms. Hager and the current status of the PNC installment loan, PNC willfully failed to conduct a proper investigation of Ms. Hager' disputes filed with Trans Union and Equifax that PNC was furnishing false negative credit information about Ms. Hager and the current status of the ACS/PNC student loan account.

36.     PNC willfully failed to review all relevant information purportedly provided by Trans Union and Equifax to PNC in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

37.     PNC willfully failed to direct Trans Union and Equifax to delete inaccurate information about Ms. Hager pertaining to the current status of the AES/PNC student loan account as required by 15 U.S.C. §1681s-2(b)(C).

38.     As a result of PNC's failure to conduct a reasonable investigation of Ms. Hager's dispute, Ms. Hager suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress

39.     Ms. Hager has a private right of action to assert claims against PNC arising under 15 U.S.C. §1681s-2(b).

40.     PNC is liable to Ms. Hager for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. §1681n.

41.     In the alternative, PNC's conduct, actions and inactions were negligent rendering PNC liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brittany Hager requests that the Court grant her the following relief:

1. Award Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n;

2. Award Plaintiff actual damages against under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4. Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5. Award Plaintiff Attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
james@creditdefenseky.com
hays@creditdefenseky.com